CLARENCE I. HAMILTON v. FUSCO CONSTRUCTION
COMPANY.

Submitted March 18, 1915—Decided May 6, 1915.

Reports of employes of work done or materials furnished, which are never entered on a day-book or other similar record of original entry, are not, standing alone, entitled to be admitted in evidence as books of original entry.

On appeal from the First District Court of the city of Newark.

Before Justices TRENCHARD, BERGEN and BLACK.

For the plaintiff, *Randolph Perkins*.

For the defendant, *Charles M. Mason*.

The opinion of the court was delivered by

BERGEN, J. The only question arising under this appeal is the competency of plaintiff's books of account as evidence in support of his claim, no other proof of sale and delivery being made as to a considerable part of the claim.

We have nothing before us but the state of the case as settled by the trial court in which he finds as a fact, that "the books consisted of the original order sheets made up by various employes, and ledger cards kept as a loose leaf system, the latter two had been made up under the supervision of the president of the company, who proved the books." The trial court admitted the loose sheets and cards in evidence attaching copies as part of the findings of fact, and found for the plaintiff, refusing to enter judgment for defendants upon the ground as requested, that there was no sufficient proof of sale and delivery, nor testimony of the making of the order sheets by the employes who made them.

If the books of account, of the character found by the

court, are sufficient *prima facie* proof of sale and delivery, the sufficiency of proof depends upon the weight to be given them, and there is nothing in this record which would justify us in overthrowing the conclusion reached by the trial court on that question.

It appears from the finding that daily reports were made to the plaintiff's assignor, a corporation, of work done and materials furnished by it to the defendant, and these were entered from the loose sheet reports, on cards kept in the form of a ledger account, which contained nothing but figures. There were no entries showing the character of the goods sold and delivered, and without the loose sheets made up by the employes, the ledger proved nothing. It also appeared that there was on the ledger card a charge item of $1,594.56, which does not appear on the sheets made up by the employes, nor is there any entry showing the items which make up this large sum. Assuming that the ledger account cards are competent, they prove nothing in support of the judgment, without the aid of the original sheets, and it becomes necessary to decide whether such sheets are competent proof of sale and delivery. In *Diament* v. *Colloty* (*Errors and Appeals*), 66 *N. J. L.* 295, it was held that such sheets "cannot be regarded as a book of original entry; they were, in reality, no more than memoranda which might be used by a witness for the purpose of refreshing his memory, but could not, of themselves, standing alone, be competent evidence of the facts therein contained."

In that case the entries on the slips were transcribed to a day-book and posted to a ledger account, and the court held that the admission of the slips in connection with the day-book and ledger was not error; although standing alone they were not competent. In the case under consideration, we are limited to the record laid before us, and from it, it appears, that various employes made up order sheets, as they are called, precisely what was the method does not appear, but they contained items of work done and materials furnished which are reported to have been for the defendant; what became of these reports, how kept or preserved, is not shown.

We are of opinion that such sheets ought not to be, and are not, books of original entry and are not receivable in evidence except in connection with a day-book or other substantial record which cannot be tampered with or changed without leaving some evidence thereof. So far as this record goes, anyone of these sheets may have been changed and may not be the original entry.

Whether a ledger account can be proved by the production of cards containing only the account of the party to the action, has not been considered and is not decided.

The judgment will be reversed and a new trial awarded.